■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCILES CABRERA, Appellant. [700 NYS2d 727] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 16, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see, People v Udzinski,* 146 AD2d 245), and in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt. The defendant sold an undercover officer a glassine envelope of heroin. The transaction was observed by a so-called "ghost" officer. The undercover and ghost officer both testified to the circumstances of the sale and identified the defendant as the person who made it. In addition, the defendant was in possession of the prerecorded "buy" money when he was arrested.

Moreover, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight accorded the evidence presented, are primarily questions to be determined by the jury, which heard and saw the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86).

The defendant's remaining contention is without merit. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.